**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISABEL IRENE VARELA, | No. 14-15885 |
| Petitioner - Appellant, | |
| v. | D.C. No. 2:13-cv-00013-JKS |
| DEBORAH K. JOHNSON, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Senior District Judge, Presiding

Argued and Submitted July 21, 2016
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and RAKOFF,** Senior
District Judge.

Petitioner Isabel Varela appeals the district court's decision to deny her

habeas petition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

We review the district court's decision de novo. *See Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc). We review the district court's factual findings for clear error. *See id.*

"Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas relief is only available if the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Garcia v. Long*, 808 F.3d 771, 776 (9th Cir. 2015) (citing 28 U.S.C. § 2254(d)(1), (2)). The state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). In applying these standards, we review the last reasoned state court decision, which in this case was rendered by the California Court of Appeal. *See Mays v. Clark*, 807 F.3d 968, 976 (9th Cir. 2015).

Petitioner Varela's appeal of the denial of her habeas petition, as here relevant, rests on a claim of juror bias. Specifically, Varela claims that the state trial judge permitted Juror No. 8 to remain on the jury that convicted her, even though a colloquy among the trial judge, defense counsel, and Juror No. 8 revealed

that Juror No. 8 could not act as an unbiased juror. Varela contends that the presence of Juror No. 8 on the jury violated her right to an impartial jury under the Sixth Amendment, as applied to the states by the Fourteenth Amendment. However, the California Court of Appeal, on direct review, found that the trial court's decision not to discharge Juror No. 8 was supported by the record.

Varela has not demonstrated an entitlement to federal habeas relief. Assuming that federal law on Sixth Amendment claims of juror bias is clearly established, nevertheless the California Court of Appeal's decision did not unreasonably apply this law, nor was its decision based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). In particular, the state trial judge acted within his discretion in evaluating the statements made by Juror No. 8 and coming to the conclusion that Juror No. 8 was fit to serve. As an initial matter, the statements made by Juror No. 8 were at worst ambiguous; while Juror No. 8 stated that he might have "a little bit" of doubt as to whether he could serve as a fair juror, he also said he would "try [his] best" to give the defendants a fair trial. Furthermore, these statements must be evaluated against the background of the juror's overall demeanor and presentation to the trial court. We are particularly mindful that "determinations of demeanor and credibility" as to a juror's fitness to

serve "are peculiarly within a trial judge's province." *Wainwright v. Witt*, 469 U.S. 412, 428 (1985).

**AFFIRMED.**